FILED
CLERK

11/12/2015 2:11 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOLLY BROOKS,

                              Plaintiff,

                                                                ORDER
        -against-                                              14-CV-3237 (SJF)(ARL)

EDUCATIONAL BUS TRANSPORTATION
and UNITED SERVICE WORKERS UNION,

                              Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

        Pending before the Court are: (1) objections by plaintiff Dolly Brooks ("plaintiff") to a

Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States

Magistrate Judge, dated August 3, 2015, recommending that the motion of defendant Educational

Bus Transportation, Inc. ("EBT") seeking summary judgment dismissing plaintiff's claims

against it pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted in its entirety;

(2) plaintiff's applications for the entry of a default judgment against defendant United Service

Workers Union ("the Union"); and (3) the Union's application to dismiss plaintiff's claims

against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  For the reasons stated

herein, the Report is accepted in its entirety; plaintiff's applications for the entry of a default

judgment against the Union are denied; and the complaint is dismissed in its entirety.


I.      The Report

        A.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a

magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue.") Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, (see Report at 27-28), their "failure to object timely to [that] report waives any further judicial review of the report." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of N.Y., Dep't of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

Moreover, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); accord Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B.      Plaintiff's Objections[1]

Plaintiff contends, *inter alia*, (1) that Magistrate Judge Lindsay erred (a) in finding "that [she] did not respond to [EBT's] summary [judgment] motion[,]" (Objections ["Obj."] at 1), (b) in "attach[ing]" an unrelated case commenced by plaintiff that was assigned docket number 14-cv-0662 ("the unrelated case") "to plaintiff's complaint against [EBT] and the [Union][,]" (id. at 3), and (c) in failing to address her "breech [sic] of contact [sic], misrepresentation, [and] retaliation [claims]," (id. at 5); and (2) that she did not receive (a) the declaration of John K. Diviney, Esq. ("the Diviney Declaration"), and the twenty-nine (29) exhibits attached thereto, submitted in support of EBT's motion for summary judgment, or (b) answers to her request for interrogatories "which asked question [sic] in agreement or disagreement to statues [sic] pertaining to federal[,] state and local laws govern [sic] by the U.S. Department of Transportation[,]" (Obj. at 2).

Contrary to plaintiff's first contention, Magistrate Judge Lindsay did not find that plaintiff failed to respond to EBT's motion.  Indeed, the Report expressly refers to the two (2) documents plaintiff submitted in opposition to the motion, i.e., "Plaintiff's Response and Oral Argument to Defendant's Summary Judgment," (DE 42), and plaintiff's "Motion Against SummaryJudgement [sic]," (DE 43).[2]  (See Report at 2).  Rather, Magistrate Judge Lindsay correctly found that

---

[1]  Although the language of plaintiff's objections is quoted verbatim where indicated, the text has been edited to convert it from all capital letters.

[2]  To the extent plaintiff contends that the Court's Pro Se Office and/or Clerk's Office improperly filed, or failed to file, certain documents submitted by her in response to EBT's motion, (see Obj. at 1), it is noted: (1) that pursuant to Rule 4 of my individual rules pertaining to motion practice, motion papers, including opposition papers, are only to be filed by the moving party when the motion is fully briefed; (2) that EBT complied with my individual rules and filed all motion papers, including the opposition papers that plaintiff had served upon it, (see DE 42

4

plaintiff failed to submit the opposing statement required by Local Civil Rule 56.1(b) of the

Local Rules of the United States District Courts for the Southern and Eastern Districts of New

York.  (See Report at 1-2).  In any event, Magistrate Judge Lindsay properly exercised her

discretion to overlook plaintiff's failure to comply with Local Civil Rule 56.1(b) and to "conduct

an assiduous review of the record" herself.  See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73

(2d Cir. 2001), abrogated on other grounds by Gross v. FBL Fin. Servs., 557 U.S. 167, 129 S. Ct.

2343, 174 L. Ed. 2d 119 (2009); accord Spiegel v. Schulmann, 604 F.3d 72, 83 (2d Cir. 2010).

Since plaintiff's unrelated case is not mentioned anywhere in the Report, plaintiff's

objections relating thereto are without merit.

The only claims for breach of contract, retaliation or misrepresentation in the complaint

are: (1) that "[a] union representative Sean McCullinan discriminated and retaliated against

[plaintiff] through breach of contract and pursuant [to] . . . the [N]ational Relations [L]abot Act

when confidential information was brought to a grievance hearing by EBT's human resource

director Patty Riviello[,]" (Compl., ¶ 8; see also Compl. at 34); and (2) that Mr. McCullinan "did

not represent [her] properly" during the grievance hearing.  Since plaintiff's only claims of

breach of contract, retaliation and misrepresentation are against the Union and/or its

representative, Magistrate Judge Lindsay did not err in failing to address those claims in her

Report regarding only EBT's motion for summary judgment dismissing plaintiff's claims against

it.

Plaintiff's contention that she did not receive the Diviney Declaration is belied not only

_____

and 43), once the motion was fully briefed; and (3) that plaintiff's attempts to separately file any
papers in opposition to the motion were properly rejected for failure to comply with my
individual rules for motion practice.

by the Affidavit of Service of Sandra Echezuria indicating that the Diviney Declaration, together with, *inter alia*, all of the other documents supporting EBT's motion for summary judgment, was served upon plaintiff at her address of record on March 4, 2015, (Docket Entry ["DE"] 34), but also by plaintiff's own contentions in her "Motion against Summary Judgment." (DE 43). For example, plaintiff cited specific pages and/or sections of the collective bargaining agreement ("CBA") annexed as Exhibit 7 to the Diviney Declaration, (see id. at 4, 15), and claimed, *inter alia*, that the information therein should be suppressed because she was not provided with a copy of the CBA during the "discovery precess." (Id. at 4). Plaintiff also cited to various sections of the transcript of her deposition testimony annexed as Exhibit 14 to the Diviney Declaration. (Id. at 14). In addition, plaintiff referred to EBT's 56.1 Statement, (see id. at 5), which specifically cited the Diviney Declaration and exhibits attached thereto, yet the first time she ever claimed that she did not receive those documents was in her objections to the Report. "[E]ven in a *de novo* review of a party's specific objections, the Court ordinarily will not consider arguments, . . . which could have been, but were not, presented to the magistrate judge in the first instance." Libbey, 982 F. Supp. 2d at 199 (quotations, brackets and citation omitted); see also Charlot v. Ecolab, Inc., No. 12-cv-4543, 2015 WL 1439916, at *6 (E.D.N.Y. 2015) ("[I]t is well-established in this district and circuit that a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")[3]

Moreover, since plaintiff never sought to compel EBT to respond to her request for

---

[3] Similarly, plaintiff's claim of "inadequate training for line drivers," (Obj. at 4), raised for the first time in her objections to the Report, will not be considered.

interrogatories before Magistrate Judge Lindsay ordered that discovery was closed in this action

on March 18, 2015, or, indeed, at any time prior to her objections to the Report, she forfeited her

right to seek such discovery or to object to the close of discovery now. See, e.g. Nicholls v.

Brookdale Univ. Hosp. & Med. Ctr., 205 F. App'x 858, 860 (2d Cir. Oct. 24, 2006) (summary

order); Loeffler v. Staten Island Univ. Hosp., No. 95-cv-4549, 2010 WL 1010737, at * 2

(E.D.N.Y. Mar. 16, 2010).

Plaintiff's remaining objections are either too general to invoke *de novo* review of the

Report, or merely reiterate the same arguments set forth in plaintiff's original papers filed in

response to EBT's motion for summary judgment. Since plaintiff has not contested any

particular factual finding or legal conclusion in the Report, I review the Report only for clear

error. See, e.g. Libbey, 982 F. Supp. 2d at 199. There being no clear error on the face of the

Report, the Report is accepted in its entirety and, for the reasons set forth therein, EBT's motion

for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted

and plaintiff's claims against EBT are dismissed in their entirety with prejudice.


II.     Plaintiff's Request for a Default Judgment against the Union

On May 23, 2014, plaintiff filed the complaint in this action, accompanied by an

application seeking leave to proceed *in forma pauperis*. The complaint consists of a five (5)-

page form complaint used in this Court by *pro se* plaintiffs who file employment discrimination

cases, to which is attached twenty-seven (27) pages of documents filed or received in the

administrative proceeding before the Equal Employment Opportunity Commission ("EEOC"); a

two (2)-page typed document also captioned as a "Complaint pursuant Title VII of Civil Rights

Act of 1964 ADA Act of 1990 as Amended Retaliation and Violation of Federal, State and Local law;" and a two (2)-page civil cover sheet.[4]  (DE 1).  On page two (2) of the form complaint is a question requesting the address which "Defendant(s) resides at, or its business is located at[,]" to which plaintiff responded: "63 Lamar St, West Babylon[,] Suffolk, N.Y.S., 11798," ("the Lamar Street address"), (Compl., ¶ 2), which is the business address of EBT.  Plaintiff did not indicate anywhere in her response to that question that the Union had a different business address, although she clearly knew its correct business address, i.e., 138-50 Queens Boulevard, Briarwood, New York 11435, since she indicated it in the documents attached to the form complaint.  (Id. at 9, 30 and 33).  The summonses issued by the Clerk of the Court on June 16, 2014 included only the address designated by plaintiff as the business address of "Defendant(s)" in the form complaint.  (DE 7).

By order dated June 2, 2014, plaintiff's application for leave to proceed *in forma pauperis* was granted and the Clerk of the Court was directed, *inter alia*, to forward copies of the summonses and complaint to the United States Marshal Service for the Eastern District of New York ("USMS") for service upon both defendants.  (DE 5).

On July 16, 2014, John K. Diviney, Esq., and Jacqueline K. Siegel, Esq., filed notices of appearance on behalf of EBT only, (DE 8 and 9), and Mr. Diviney also filed an "Acknowledgment of Receipt of Summons and Complaint," dated July 15, 2014, on behalf of EBT only.  (DE 11).

On July 22, 2014, plaintiff filed the USMS's "Process Receipt and Return," together with

---

[4]  For the sake of simplicity, the form complaint and attachments thereto is considered as a single, consecutively-paginated, thirty-six (36)-page document that will be collectively cited as "Compl."

the "Acknowledgment of Receipt of Summons and Complaint" signed by Mr. Diviney on July 15, 2014, both indicating, *inter alia*, that EBT had been served with process in this action. (DE 12). There is no mention of the Union anywhere on those documents, and nothing else in the record indicates that the Union was ever served with process in this action.

On August 5, 2014, Mr. Diviney served and filed an answer on behalf of EBT only. (DE 13 and 14).

On November 7, 2014, plaintiff filed a response to EBT's motion to compel her to respond to its discovery demands, in which she consistently refers to "defendant" in the singular, (DE 17), thus indicating her awareness that only one (1) defendant had appeared in the action and was participating in discovery as of that date. Magistrate Judge Lindsay's order granting EBT's motion to compel, dated November 21, 2014, (DE 18), and served upon plaintiff on November 24, 2014, (DE 19), also indicated that the motion to compel was filed on behalf of EBT only.

On January 26, 2015, counsel for EBT filed a letter clearly indicating, *inter alia*, that he did not represent the Union or its representative, Mr. McCullinan, and that the Union had not been served with process, and had not appeared, in this action as of that date. (DE 20).

On February 13, 2015, more than two (2) weeks later, plaintiff filed (1) a letter motion directed to Magistrate Judge Lindsay requesting that a "default judgment hearing" be scheduled for the Union's failure to file an answer in this case, (DE 21); and (2) a motion to compel the deposition of Mr. McCullinan that she served only upon EBT's counsel, (DE 22). Plaintiff did not seek an extension of time to serve the Union, or otherwise address EBT's claim that the Union had never been served or appeared in this action.

On February 20, 2015, counsel for EBT filed another letter indicating, *inter alia*, that he

never represented the Union, nor advised plaintiff that he or his firm represented the Union. (DE 23). On February 24, 2015, plaintiff filed a response to Mr. Diviney's letter (1) indicating, *inter alia*, that she "fully understood that [he] does not represent the Union or their agent Sean McCullinan;" (2) claiming that the Union had been served by the USMS and that the "process receipt" she filed with the Court "does indicate that two parties were served;" and (3) requesting that a default judgment be entered against the Union and Mr. McCullinan. (DE 29). However, the "process receipt" which she enclosed with that letter, which is the same as the one she filed on July 22, 2014, indicated only that EBT was served. (Id.) The Union is not mentioned anywhere on that document.

By letter dated February 23, 2015, the Union opposed plaintiff's motion for a default judgment and requested that her claims against it be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service upon it within the one hundred twenty (120)-day period prescribed therein. (DE 24). Plaintiff never filed a response to that motion or otherwise addressed the Union's claim that it was never served with process in this action.

By order dated February 25, 2015, Magistrate Judge Lindsay, *inter alia*, denied plaintiff's motion to compel the deposition of Mr. McCullinan; advised that discovery in this case was to be completed by February 18, 2015 and that any request for an extension of that deadline had to be made to me; and indicated that plaintiff's application for the entry of a default judgment against the Union and the Union's motion to dismiss the complaint "are properly before Judge Feuerstein." (DE 27). No party ever moved to extend the discovery deadline; nor did they ever object to Magistrate Judge Lindsay's final conference order, dated March 18, 2015, finding that

all discovery in this action was complete.  (DE 31).

On April 7, 2015, more than six (6) weeks after the expiration of the discovery deadline and approximately three (3) weeks after Magistrate Judge Lindsay certified that all discovery in this action was complete, plaintiff filed an application to the Clerk of the Court to enter the Union's default in this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (DE 52).  In her affirmation in support of the request for a certificate of default, plaintiff indicated, *inter alia*, that the USMS "serviced each defendant on June 16, 2014."  (Id.)  However, the "Process Receipt and Return" that plaintiff enclosed with her application, which is the same as the one she filed on July 22, 2014, indicates only that EBT was served at the address indicated in plaintiff's complaint.  (Id.)  Indeed, the Union is not mentioned anywhere in that document. On that same date, the Clerk of the Court denied plaintiff's application on the basis that defense counsel had filed a notice of appearance on behalf of the Union on February 23, 2015.

A.      Motion for a Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). First, "Rule 55(a) empowers the clerk of court to enter a default[,]" Priestley, 647 F.3d at 504-05, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"  Fed. R. Civ. P. 55(a); see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).  Pursuant to Local Civil Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York, "[a] party applying for a certificate of default by the Clerk pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) *that the pleading to which no response has been made was properly served*." (Emphasis added).

After the clerk of the court has entered a party's default, the plaintiff must "seek a judgment by default under Rule 55(b)." Priestley, 647 F.3d at 505; see also Green, 420 F.3d at 104. Unless the plaintiff's claim is for a sum certain and the defaulting defendant is neither a minor nor an incompetent person, see Fed. R. Civ. P. 55(b)(1); Local Civil Rule 55.2(a), a party seeking a judgment by default must apply to the court for the entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. See Priestley, 647 F.3d at 505; Green, 420 F.3d at 104. Pursuant to Local Civil Rule 55.2(b), a plaintiff applying to the court for the entry of a default judgment under Rule 55(b)(2) "shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civil Rule 55.2(c) provides, in relevant part, that all papers submitted to the Court on a motion for a default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at . . . the last known business address of such party" and that "[p]roof of such mailing shall be filed with the Court."

The Union's challenge to the sufficiency of process pursuant to Rule 4(m) "effectively shifted the burden of proof to [p]laintiff to show that service was adequate[,]" Harrison v. New York, 95 F. Supp. 3d 293, 318 (E.D.N.Y. 2015), which she failed to do. Since, *inter alia*, plaintiff has not shown "that the pleading to which no response has been made was properly

served" upon the Union as required by Local Civil Rule 55.1(3), and she cannot show that the Union has failed to defend this action in light of its pending motion to dismiss, her request for the entry of a default judgment against the Union is denied.

B.    Rule 4(m) Motion

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. * * *"

Since the one hundred twenty (120)-day period provided by Rule 4(m) is tolled while an application to proceed *in forma pauperis* is pending, see Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007), service was required to be made on the Union by September 30, 2014.

"Good cause, or excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003); accord United Merch. Wholesale, Inc. v. IFFCO, Inc., 51 F. Supp. 3d 249, 260-61 (E.D.N.Y. 2014); Ping Chen ex rel. U.S. v. EMSL Analytical, Inc., 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013).  Generally, in determining good cause, "[d]istrict courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999);

accord <u>Jordan v. Forfeiture Support Assocs.</u>, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013). "A party seeking a good cause extension bears a heavy burden of proof." <u>Chen</u>, 966 F. Supp. 2d at 306; <u>accord</u> <u>Beauvoir v. United States Secret Service</u>, 234 F.R.D. 55, 57 (E.D.N.Y. 2006).

"If a plaintiff proceeding [*in forma pauperis*] chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." <u>Meilleur v. Strong</u>, 682 F.3d 56, 63 (2d Cir. 2012); <u>see also</u> <u>Gonzalez</u>, 489 F. Supp. 2d at 184 ("Although plaintiffs proceeding *in forma pauperis* are entitled to rely upon the United States Marshal to effect service, that reliance is not absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts" to ensure that the service was effected.) "If a *pro se* plaintiff has made sufficiently diligent efforts to have the United States Marshal's Service serve a defendant within the relevant time period, then there is good cause for the plaintiff's failure to timely serve process." <u>Gonzalez</u>, 489 F. Supp. 2d at 184. However, although a plaintiff's *in forma pauperis* status may relieve her of the burden to personally serve the defendants, she cannot "stand idle" upon learning that the efforts by the USMS to serve a particular defendant have been unsuccessful. <u>McGee v. Haigh</u>, No. 9:13-cv-394, 2015 WL 1456612, at *2 (N.D.N.Y. Mar. 30, 2015); <u>see</u> <u>also</u> <u>Shepherd v. Fischer</u>, No. 9:10-cv-1524, 2015 WL 1246049, at * 22 (N.D.N.Y. Feb. 23, 2015), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> 2015 WL 1275298 (N.D.N.Y. Mar. 18, 2015) (holding that a *pro se* defendant may not "stand idle upon being notified that efforts by the U.S. Marshals Service to serve a particular defendant have been unsuccessful. . . . A plaintiff who does so acts at his peril, and risks

dismissal of his claims against an unserved defendant." (citation omitted)).

Plaintiff, *inter alia*, (1) did not provide the correct business address for the Union in the area of the Court's form complaint requesting such information; (2) never advised the Court that the address provided for the Union in the summons issued by the Clerk of the Court on June 16, 2014 was erroneous or provided the USMS with the correct business address for the Union; (3) filed documents indicating only that EBT had been served with process in this action, but never filed anything indicating that the Union had ever been served with process in this action; (4) prosecuted this case for approximately seven (7) months without any involvement by the Union; (5) did not raise the Union's failure to appear or participate in this action until February 13, 2015, only five (5) days before the deadline set by Magistrate Judge Lindsay for the completion of discovery in her Scheduling Order dated September 3, 2014, (DE 15); and (6) never responded to the Union's contention that it had not been served with process in this action in its application to dismiss her claims pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Since plaintiff "ha[s] not shown sufficiently diligent efforts to ensure that the service was effected" upon the Union, see, e.g. Gonzalez, 489 F. Supp. 2d at 184 (finding that since plaintiffs originally provided the USMS with an incorrect address to serve defendant and did not provide the USMS with an alternate address for service for approximately three (3) months after being notified that service could not be effected at the address provided, they did not satisfy their obligation to make diligent efforts to ensure that service was effected); Shepherd, 2015 WL 1246049, at * 22 (finding, *inter alia*, that since the fact that certain defendants had never been served with process, or otherwise appeared in the action, within the appropriate time period was well documented in the court's docket sheet, there was neither good cause for plaintiff's failure to effectuate timely

15

service, nor a sufficient basis for extending the governing period of service), she has not demonstrated good cause for her failure to effect service upon the Union within the one hundred twenty (120)-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.

Nonetheless, courts "have discretion to grant extensions [of the time for service] even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007); accord Meilleur, 682 F.3d at 61. "In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint." Feingold, 269 F. Supp. 2d at 277; accord Harrison, 95 F. Supp. 3d at 319.

"Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120–day period." Eastern Refractories, 187 F.R.D. at 506. Since plaintiff has never moved for an extension of time to serve the Union to date, this factor weighs against her. See, e.g. Smith v. Bray, No. 13-cv-07172, 2014 WL 5823073, at * 5 (S.D.N.Y. Nov. 10, 2014) (finding that the plaintiffs' failure to move for an extension of time weighed against them).

If plaintiff's claims against the Union are dismissed, the applicable statute of limitations would likely bar her from re-filing those claims.[5] See 42 U.S.C. § 2000e-5(f)(1) (specifying that

_____

[5] The right-to-sue letter that is attached to the complaint, dated March 14, 2014, pertains only to plaintiff's EEOC charge against EBT, dated June 12, 2013, which was assigned EEOC Charge No. 520-2013-00801. (See Compl. at 7, 25-26). Plaintiff does not attach a copy of any right-to-sue letter pertaining to her EEOC charge against the Union, dated July 29, 2013, which was assigned EEOC Charge No. 520-2013-02131. (See id. at 29-30). As plaintiff's charge

a Title VII action must be commenced within ninety (90) days of the claimant's notification of

her right to sue); id., § 12117(a) (applying the Title VII limitations period to claims brought

under the ADA).  Although courts often consider "the fact that the statute of limitations has run

on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis[,]" Harrison, 95 F.

Supp. 3d at 319, "[t]he fact that plaintiff's claims may be time-barred does not *require* [the

Court] to exercise [its] discretion in favor of plaintiff."  Eastern Refractories, 187 F.R.D. at 506

(emphasis added); see also Zapata, 502 F.3d at 197 ("[A] district court *may* grant an extension in

the absence of good cause, but it is not required to do so." (emphasis in original)); Smith, 2014

WL 5823073, at * 6 ("Even though dismissal may prejudice some of Plaintiffs' claims based on

applicable statutes of limitations, . . . this factor is not dispositive, [citations omitted], and cuts

both ways[.]")

The other three (3) factors for granting a discretionary extension of time to serve a

defendant weigh in favor of the Union.  "[E]xtending the service period beyond the statute of

limitations period for the action imposes a . . . prejudice on defendants, especially where, as here,

both the service period and the statute of limitations period have long since expired."  Vaher v.

Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013), appeal filed, No. 15-

3347 (2d Cir. Oct. 21, 2015); accord Smith, 2014 WL 5823073, at * 5.  "While th[e] prejudice is

lessened if the defendants had actual notice of the plaintiff's claims," Vaher, 916 F. Supp. 2d at

---

against the Union was filed approximately six (6) weeks after her charge against EBT, it is
presumed for purposes of this motion only that she would have received a right-to-sue letter
pertaining to her charge against the Union approximately six (6) weeks after she received the
right-to-sue letter pertaining to her charge against EBT, i.e., on or about April 25, 2014, and,
thus, that the statute of limitations for plaintiff's federal discrimination claims against the Union
likely expired on or about July 24, 2014.

421; accord Terry v. Village of Ossining, No. 12 Civ. 5855, 2013 WL 5952834, at * 7 (S.D.N.Y.

Nov. 5, 2013), there is no indication that the Union ever had actual notice of plaintiff's claims

against it in this action prior to the expiration of the applicable limitations periods.  See, e.g.

Abreu v. City of New York, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009) (finding that the

defendant "would be prejudiced by any *sua sponte* order prolonging plaintiff's opportunity to

serve her on claims that accrued more than four years ago and about which she has received no

notice.")  Indeed, the first indication that the Union ever had notice of plaintiff's claims against it

in this action is on February 23, 2015, approximately seven (7) months after the limitations

period presumably had expired; six (6) months after the service period prescribed by Rule 4(m)

had expired; and five (5) days after the discovery deadline set by Magistrate Judge Lindsay, (see

DE 15), had expired.  "[I]n the absence of good cause, no weighing of the prejudices between the

two parties can ignore that the situation is the result of the plaintiff's neglect[,]" Zapata, 502 F.3d

at 198, in, *inter alia*, failing to provide the correct address for the Union in her complaint and to

promptly move for an extension of time to serve the Union when it was apparent that the USMS

had failed to effect proper service upon it.[6]

Furthermore, the Union did nothing to conceal the absence of service of process upon it.

Indeed, plaintiff was clearly aware of the need to serve the Union and file proof of such service,

as she did so with respect to EBT; and she was, or should have been, aware that the summons

contained an incorrect address for the Union, that no return of service had ever been filed with

---

[6] Moreover, by letter dated June 4, 2014, the Court's Pro Se Office advised plaintiff, *inter alia*, that she could call the Pro Se Office at the telephone number provided therein with any questions or for further assistance in this case, (DE 6), and, at least twice Magistrate Judge Lindsay referred plaintiff to the Pro Se Office for assistance in prosecuting this case, (DE 18 and 27), but plaintiff apparently chose not to heed that advice.

respect to the Union, and that the Union had never appeared or participated in this action. Although plaintiff repeatedly maintains that the "Process Receipt and Return" filed by her on July 22, 2014 demonstrates that the Union was served, it is clear from the face of that document that it pertains only to EBT, as the Union is not mentioned anywhere therein.  Even when the Union clearly raised the issue that it had never been served in this action and filed an application to dismiss plaintiff's claims against it on that basis, plaintiff failed to request an extension of time to serve the Union, or to even respond to the Union's motion.  Accordingly, on balance, the factors in this case weigh in favor of dismissing plaintiff's claims against the Union.  Although the Court recognizes the hardship that will befall plaintiff upon dismissal of her claims against the Union in light of the probable expiration of the applicable limitations periods, the delay in service upon the Union is "sufficiently egregious to compel dismissal," Eastern Refractories at 507; see also Vaher, 916 F. Supp. 2d at 421 (finding that the prejudice factor weighed in favor of the defendant where "the delay in this case was unusually lengthy and unreasonably prolonged by Plaintiff's lack of diligence"), particularly since plaintiff entirely ignored the Union's application to dismiss her claims against it for failure to effect proper service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Furthermore, "even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for [the] neglect."  Vaher, 916 F. Supp. 2d at 421.  Since plaintiff proffers no explanation for her failure to seek an extension of time to effect service upon the Union in the approximate fifteen (15)-month period since she filed the return of service with respect to EBT, but not with respect to the Union, or even in eight (8)-month period since the

19

Union filed its application to dismiss her claims against it for her failure to effect service upon it within the period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, her claims against the Union are dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  See, e.g. Zapata, 502 F.3d at 199 (affirming dismissal where the plaintiff made no effort to effect service within the service period; neglected to ask for an extension of time within a reasonable period of time; and advanced no colarable excuse for his delay).

III.    Conclusion

For the reasons set forth herein, plaintiff's applications for the entry of a default judgment against the Union are denied; the Union's application to dismiss plaintiff's claims against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is granted; plaintiff's claims against the Union are dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for plaintiff's failure to effect service upon it; plaintiff's objections to the Report are overruled; the Report is accepted in its entirety; and, for the reasons set forth therein, EBT's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims against EBT are dismissed in their entirety with prejudice.  The Clerk of the Court shall enter judgment in accordance with this Order; close this case; and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d

21 (1962).

SO ORDERED.


_____/s/_____
SANDRA J. FEUERSTEIN
United States District Judge


Dated: November 12, 2015
       Central Islip, New York