FILED
CLERK
7/6/2016 1:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOLLY BROOKS,

                Plaintiff,

      -against-

EDUCATIONAL BUS TRANSPORTATION and
UNITED SERVICE WORKERS UNION,

                Defendants.
------------------------------------------------------------X

ORDER
14-CV-3237(SJF)(ARL)

FEUERSTEIN, District Judge:

I.     Introduction

Pending before the Court is the motion of *pro se* plaintiff Dolly Brooks ("plaintiff") seeking, in essence, reconsideration of (1) an order, entered November 12, 2015, that (a) denied her applications for the entry of a default judgment against defendant United Service Workers Union ("the Union"), (b) granted the Union's application to dismiss plaintiff's claims against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and dismissed plaintiff's claims against the Union in their entirety for plaintiff's failure to effect service upon it, (c) overruled plaintiff's objections to a report and recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated August 3, 2015 ("the Report"), recommending that the motion of defendant Educational Bus Transportation ("EBT") be granted in its entirety and accepted the Report in its entirety, and (d) granted EBT's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissed plaintiff's claims against EBT in their entirety with prejudice; and (2) the final judgment entered against her on November 19, 2015. For the reasons set forth below, plaintiff's motion for reconsideration is granted but, upon

1

reconsideration, I adhere to my original determination.

II. Discussion

A. Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys*, 684 F.3d at 52 (quotations, alterations and citation omitted). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, *see Norton v. Town of Brookhaven*, 47 F. Supp. 3d

2

152, 155 (E.D.N.Y. 2014) ("A party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [reconsideration] to advance new facts and theories in response to the court's rulings" (quotations, brackets and citation omitted)); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters . . . were presented to the court on the underlying motion" (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, *Norton*, 47 F. Supp. 3d at 155 ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration"); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 244 (E.D.N.Y. 2014) ("A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made" (quotations and citation omitted)); *Redd*, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion * * *" (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257; *see also Analytical Surveys*, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues * * *" (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); *In re Citigroup ERISA Litig.*, 112 F. Supp. 3d 156, 158 (S.D.N.Y. 2015).

B.  Plaintiff's Claims

Plaintiff contends, *inter alia*, that I erred in (1) granting EBT's motion for summary judgment "even though the case has not been tried[,]" in violation of her Seventh Amendment right to a jury trial; and (2) denying her motion for a default judgment against the Union, which has never answered the complaint. Since plaintiff alleges, in essence, a need to correct purported errors in the November 12, 2015 Order and final judgment against her, her motion for reconsideration is granted.

However, upon reconsideration of the November 12, 2015 Order and final judgment against plaintiff, I adhere to my original determination. Plaintiff has not presented any controlling law, issues or facts that the Court overlooked in rendering the November 12, 2015 Order; nor established that the Court's original determination was erroneous. Moreover, "[s]ummary judgment, like 'many procedural devices developed since 1791 . . . [has] been found not to be inconsistent with the Seventh Amendment.'" *Russo v. Keough's Turn of the River Hardware, LLC*, 529 F. App'x 50, 52 (2d Cir. July 10, 2013) (summary order) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)); *see also McClamrock v. Eli Lilly & Co.*, 504 F. App'x 3, 4 (2d Cir. Nov. 29, 2012) (summary order) (holding that the Seventh Amendment right to a jury trial "is not violated by an award of summary judgment where . . . there are no disputed issues of material fact.")

III. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration of the November 12, 2015 Order and final judgment against her is granted but, upon reconsideration, I adhere to my

original determination to (1) deny her applications for the entry of a default judgment against the Union; (2) grant the Union's application to dismiss plaintiff's claims against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and dismiss plaintiff's claims against the Union in their entirety for her failure to effect service upon it; (3) overrule plaintiff's objections to the Report and accept the Report in its entirety; and (4) grant EBT's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismiss plaintiff's claims against EBT in their entirety with prejudice.

SO ORDERED.

                                                                                   /s/
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated:        July 6, 2016
               Central Islip, New York